THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBA HERNANDEZ-SILVA

    **Plaintiff,**

    v.

INSTITUTO MODELO DE ENSENANZA INDIVIDUALIZADA, INC.

    **Defendant.**

Civil No. 22-1484 (ADC)

## OPINION AND ORDER

Pending before the Court is plaintiff Alba Hernández Silva's[1] ("plaintiff") motion for a temporary restraining order ("TRO") and preliminary injunction at **ECF No. 1**. Plaintiff moves the Court to "instruct[] defendant [] to allow [plaintiff] to exercise her parental rights… to decide for M.A.P.H. not to wear a face-mask in school given his ADA and IDEA rights as an ADHD-autistic child… return to in-person classes immediately." **ECF No. 1** at 1. Plaintiff's TRO and preliminary injunction requests are based on the allegation included in the verified complaint at **ECF No. 4**.

However, plaintiff admits that the verified complaint and the motion for TRO and preliminary injunction "contain[] several Exhibit attachments in the Spanish language" and that they both "make[] reference to those Exhibits." **ECF No. 6** at 1. Accordingly, plaintiff moved for

---

[1] On behalf of her minor child, M.A.P.H. **ECF No. 4** at 1.

an extension of time (*i.e.* 7 days to either submit certified translations or a stipulated translation). **ECF No. 6** at 1.

Nonetheless, plaintiff seems to be under the impression that the Court can entertain her extraordinary-TRO request based on the Spanish language documents submitted. To wit, plaintiff asserts, "given that the parties to this verified complaint are both from this jurisdiction we find no prima facie burden that we file the certified translations on a later date." **ECF No. 6** at 1. Plaintiff added "we will be requesting defendant as soon as they file appearance in Court a proposed stipulation of non-official translations." **ECF No. 6** at 1.

Notably, plaintiff's case and request for TRO are based on the content of the documents submitted in the Spanish language. Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." L. Civ. R. 5(g) requires that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts."

The United States Court of Appeals for the First Circuit requires strict enforcement of the English language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 67 (1st Cir. 2008). Allowing non-English documents would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department,* 377 F.3d 81, 89 (1st Cir.2004).

Moreover, the Court is unable to determine "(1) plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing the injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012) (citing *Jean* v. *Massachusetts State Police*, 492 F.3d 24, 26–27 (1st Cir. 2007).

Plaintiff also failed to comply with Local Rule 65, which requires all motions for a temporary restraining order to be accompanied by a "proposed order." L. Civ. R. 65.

In light of all the above:

- The Court has no other option but to **DENY** the TRO request at **ECF No. 1**.

- In light of the fact that the undersigned will preside over a criminal jury trial, Crim. No. 22-076(ADC), starting on October 17, 2022, and that plaintiff submitted a certificate of service, the matter and all pending and subsequent motions related to the TRO and the preliminary injunction is referred to United States Magistrate Judge Giselle López-Soler for the scheduling of a preliminary injunction hearing and for the issuance of a Report and Recommendation on pending matters. Fed. R. Civ. P. 72; L. Civ. R. 72.

- Plaintiff is ordered to give notice of this order to defendant within 2 days.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 14th day of October, 2022.

                                                **S/ AIDA M. DELGADO-COLÓN**
                                                **United States District Judge**